UNITED STATES

v.

**Zebedee L. JOHNSON, 439 13 8646, Radioman Seaman (E–3), U.S. Navy.**

**NMCM 90 3141.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 March 1990.

Decided 8 Nov. 1991.

LT Tamara A. Massengale, JAGC, USNR, Appellate Defense Counsel.

LT Mary Anne Razim, JAGC, USNR, Appellate Defense Counsel.

LT R. Byrd, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, FREYER and HOLDER, JJ.

FREYER, Judge:

The appellant stands convicted, in accordance with his pleas, of four specifications of absence without leave totalling about six and a half months and, contrary to his

pleas, of forgery for falsely altering a naval message. His sentence, which was approved by the convening authority, extends to reduction to pay grade E–1, forfeiture of $300.00 pay per month for five months, confinement for five months, and a bad-conduct discharge.

The message in question was a now-familiar urinalysis report from a naval drug laboratory showing the command batch/specimen number for each specimen submitted, the social security number of the specimen provider, the laboratory accession number, and the drug for which the specimen tested positive. The appellant, whose specimen the report showed as having tested positive for use of cocaine, altered the command batch/specimen number and social security number corresponding to his specimen by substituting the numbers appurtenant to the specimen submitted by another member of the command, whose specimen had tested negative for drug use. Thus, had the falsely altered message been genuine, it would have communicated that the appellant's specimen had tested negative for metabolites of cocaine and that the innocent member's specimen had tested positive for the same.

■ At the trial, the appellant moved to dismiss the forgery charge for failure to state an offense on the ground that the laboratory report message was not a document of legal efficacy and, as such, could not be the object of a forgery. The government opposed the motion, presenting evidence and arguing earnestly that, because such messages were used as evidence of guilt in nonjudicial punishment proceedings in the appellant's command, the falsely altered message would, if genuine, apparently impose a legal liability on the service member whose data were falsely entered in the message or change his legal right or liability to his prejudice. After due consideration, the military judge denied the motion to dismiss and ultimately convicted the appellant of forgery. The single assign-

ment of error which confronts us mirrors the defense attack on the legal sufficiency of the forgery charge at trial.[1]

In the absence of a statute broadening the common-law definition of forgery, the U.S. Court of Military Appeals has faithfully enforced the common-law requirement that the object of a forgery be a document having legal efficacy. *United States v. Hopwood*, 30 M.J. 146 (C.M.A.1990); *United States v. Thomas*, 25 M.J. 396 (C.M.A.1988). We note that the military judge's ruling in this case was based, in part, on the U.S. Air Force Court of Military Review decision in *Hopwood*, which was reversed by the U.S. Court of Military Appeals after the trial in this case. We are confident that, with the benefit of the later decision, the military judge in this case would have ruled otherwise.

■ Unlike a negotiable instrument, contract, or other legal document, a drug laboratory report possesses no intrinsic capacity to affect legal rights or relationships. Of course, not every document having legal efficacy need be of a commercial character, nor need the legal efficacy exist within its four corners or appear on face; but there must, at least, be some common-law, statutory, regulatory, or customary environment in which the document at issue has the capacity to affect legal rights or relationships. *See United States v. Addy*, 7 U.S.C.M.A. 643, 23 C.M.R. 107 (1957) (partial pay request, which, under pay regulations, perfected member's entitlement to pay, could be object of forgery); *United States v. Driggers*, 21 U.S.C.M.A. 373, 45 C.M.R. 147 (1972) (military written movement order which, under applicable regulations, would support issuance of transportation request, could be object of forgery); *United States v. Noel*, 11 U.S.C.M.A. 508, 29 C.M.R. 324 (1960) (Navy Relief Society interviewer's loan authorization form, which, under the Society's business practice, required its treasurer to loan the

1. New appellate defense counsel has recently moved to raise an additional assignment of error asserting that the evidence is insufficient to prove the forgery charge beyond a reasonable doubt. In light of our disposition of the origi-

nal assignment of error, the motion to raise the additional assignment of error is denied with leave to raise it anew in the event of any further proceedings.

amount shown on the form, could be object of forgery).

██ That a writing may conceivably constitute some admissible evidence, short of legal proof, relative to a hypothetical claim of civil or criminal liability cannot possibly be sufficient to impart legal efficacy, for, if it were, there would be no end to the kinds of writings that could constitute objects of forgery. Unofficial records of religious organizations, statements of family history in family Bibles, engravings on urns, crypts, and tombstones, any document more than twenty years old, copies of The Wall Street Journal, learned treatises, and an infinite variety of statements deemed to possess sufficient indicia of reliability could all become evidence potentially affecting legal rights or liabilities, Military Rule of Evidence (Mil.R.Evid.) 803(11), (13), (16), (17), (18), and (24). Not surprisingly, no common-law authorities have been brought to our attention which even suggest, much less hold, that any such writings, if declaratory only and not in any way dispositive, could be deemed to possess legal efficacy.

With these principles in mind, we examine the message alleged as the object of the forgery in this case. Its immediate function in the military justice system was not to inflict condemnation but to prompt a preliminary inquiry pursuant to Rule for Courts–Martial 303. If construed as a scientific laboratory report, it might be admissible evidence of the presence of cocaine metabolites in the specimen-provider's body, pursuant to Mil.R.Evid. 803(8). It was not, however, evidence of how they got there; specifically, it did not establish that they appeared in the urine as a result of "use" of cocaine, as opposed to being produced naturally by the body or resulting from the use of an "uncontrolled" substance. *United States v. Harper*, 22 M.J. 157 (C.M.A.1986); *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987). Moreover, even if "use" of cocaine was established by a combination of the message and other competent evidence, such a combination fell short of constituting "legal proof" of wrongfulness. It merely gave rise to a permissive inference of wrongfulness, and either proof of wrongfulness or the drawing of the inference thereof, which, being permissive, the trier of fact might or might not draw, was essential to imposing liability. *Harper.*

The foregoing demonstrates that the drug laboratory message in this case was, at best, inchoate as a basis of liability, *cf. United States v. Farley*, 11 U.S.C.M.A. 730, 29 C.M.R. 546 (1960). Moreover, the following language of the U.S. Court of Military Appeals in *Thomas*, which involved a falsely made credit reference form supposed to have been completed by the loan applicant's unit commanding officer, is deemed especially pertinent:

> The record before us leaves no doubt that the false document was intended to facilitate appellant's obtaining the loan and that, if genuine, it might have had a decisive effect on the application. In that sense, the document could readily be seen "as a step in a series of acts which might perfect a legal right or liability." *United States v. Strand, supra.* But, again, the test for forgery—and derivatively for uttering a forged writing—is not whether the writing was a cause in fact or a *sine qua non* but whether it "would, if genuine, apparently *impose* a legal liability on another or *change* his legal right or liability to his prejudice." Art. 123 (emphasis added).

25 M.J. at 401.

Although, "as a step in a series of acts," a drug laboratory message may, in the words of *Thomas*, be a "cause in fact" of the imposition of criminal liability, we hold, for the reasons stated, that the drug laboratory message in this case would not, if genuine, apparently *impose* a legal liability on another nor *change* his legal right or liability to his prejudice. Accordingly, it does not qualify as an object of forgery.

To this holding we append some advice. The prosecutorial authorities in this case elected to proceed on a charge which they apparently recognized was controversial and would be hotly litigated both at trial and on appeal. This they did, even though forgery-related cases, such as *United States v. Dozier*, 9 U.S.C.M.A. 443, 26

C.M.R. 223 (1958), identify a federal statute, to wit: 18 U.S.Code, § 1001, which, to all appearances, deals squarely with the appellant's misconduct and with an equivalent degree of severity. In our view, good legal practice includes eliminating risky and unnecessary litigation, albeit never shrinking from a worthwhile challenge undertaken after a careful risk/benefit assessment. We offer this advice with all the humility due in addressing the majesty of the law, recognizing that our holding in this case may be pronounced wrong and reversed by a higher tribunal, and the forgery charge thereby vindicated; even if that should occur, we think that the foregoing advice is, nevertheless, sound as a matter of general principle.

The findings of guilty of Charge IV and its Specification are set aside, and that charge and specification are dismissed. The remaining findings of guilty are affirmed. Upon reassessment, only so much of the sentence is affirmed as provides for reduction to pay grade E–1, forfeiture of $300.00 pay per month for three months, confinement for three months, and a bad-conduct discharge.

Senior Judge MITCHELL concurs.

Judge HOLDER absent.