UNITED STATES

v.

Alvin T. DARDEN, Jr., 229 27 4238
Aviation Machinist's Mate. Airman
Recruit (E–1), U.S. Navy.

NMCM 91 0996.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 7 Feb. 1991.

Decided 10 April 1992.

LT James P. McFadden, JAGC, USNR,
Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate
Government Counsel.

Before JONES, Senior Judge, and REED
and LAWRENCE, JJ.

PER CURIAM:

While on restriction, appellant stole another sailor's blank checks and signed that sailor's signature as the maker on one of the checks. Appellant intended to cash the check once he was released from restriction, but Naval Investigative Service agents searched his locker and discovered the checks, including the one he had signed, before he could complete that check by inserting his name as payee and selecting an amount for the check. The military judge refused to accept appellant's pleas of guilty to the substantive offense of forgery, but accepted his pleas of guilty to attempted forgery. On appeal, appellant argues that his pleas were improvident be-

cause his actions constituted mere preparation, rather than an attempt.[1]

■ To provide an adequate basis for a guilty plea to attempted forgery, the appellant's acts of stealing blank checks and making the rightful drawer's signature must be substantial steps towards the commission of a forgery, and must be strongly corroborative of the firmness of his criminal intent. *United States v. Byrd*, 24 M.J. 286 (C.M.A.1987) (quoting *United States v. Jackson*, 560 F.2d 112 (2d Cir.), *cert. denied*, 434 U.S. 941, 98 S.Ct. 434, 54 L.Ed.2d 301 (1977)).

■ We find that the act of falsely making the drawer's signature does constitute forgery under Article 123, Uniform Code of Military Justice, 10 U.S.C. § 923. A forgery occurs when an accused 1) falsely makes a certain signature or writing that, 2) is of a nature which would, if genuine, impose a legal liability on another, and 3) made the signature with an intent to defraud. Para. 48b(1), Part IV, Manual for Courts–Martial, United States, 1984. If these elements are met, there is no further requirement that the rest of the check be completed. By falsely making the signature of the drawer, appellant demonstrated, and conceded during the providence inquiry, his intent to defraud. The only remaining question is whether this sole act of making the drawer's signature created an instrument of legal efficacy that would, if genuine, impose a legal liability on the drawer.

■ A document may be the subject of forgery if it either independently, or as a step in a series, appears to perfect a legal right or impose a legal liability. *United States v. Driggers*, 21 U.S.C.M.A. 373, 45 C.M.R. 147 (1972); *United States v. Schwarz*, 12 M.J. 650 (A.C.M.R.1981), *aff'd*, 15 M.J. 109 (C.M.A.1983). To constitute a forgery, however, the "step" must have legal significance of its own. *United States v. Thomas*, 25 M.J. 396, 401 (C.M.A. 1988). If the single step taken has legal significance (*i.e.* imposes a legal liability), a

forgery has occurred. An instrument may be the subject of forgery even though, if genuine, other steps would have to be taken in order to perfect it, for example where, in order to complete the legal effectiveness of an instrument, an endorsement is needed. *Muhammad v. Commonwealth*, 13 Va.App. 194, 409 S.E.2d 818, 820 (1991); *Wyatt v. State*, 257 Ala. 90, 57 So.2d 366 (1952); *Norton v. State*, 129 Wis. 659, 109 N.W. 531 (1906). *See generally* 36 Am.Jur.2d, *Forgery*, § 25 (1968); 4 *Wharton's Criminal Law* § 512 (C. Torcia 14th ed. 1981). *Cf. Smith v. State*, 7 Md.App. 457, 256 A.2d 357 (1972) (instrument was without legal efficacy and incapable of being a forgery where blank check contained no payee, no date, no amount, and no drawer's signature).

■ Here, as in the case of an unendorsed check, further steps were needed to actually negotiate the check and cause actual harm to the account holder. This, however, does not destroy the legal efficacy of the instrument. Appellant's act of making the drawer's signature has the legal significance of making the drawer liable for the check. When one signs an instrument and leaves the amount and payee blank, the payor bank or other innocent party cashing the check may enforce the terms of the completed check against the drawer, despite the fact that the completion of the check was unauthorized. *See* U.C.C. § 3–407(c) (1990); *Massey Ferguson Credit Corp. v. Wiley*, 655 F.Supp. 655 (M.D.Ga.1987) (signer of instrument left amount blank and held liable for any amount subsequently filled in).

When appellant forged the drawer's signature, the check at that point created a legal liability against the victim's account for any amount listed by appellant or anyone else who found the check and listed themselves as the payee. Although the checks in question did not list a payee or an amount, these steps merely define the beneficiary and extent of the liability imposed

---

1. MERELY FORGING A SIGNATURE TO A BLANK CHECK, EVEN WITH THE SPECIFIC INTENT TO COMPLETE THE CHECK AT SOME UNCERTAIN TIME IN THE FUTURE, WAS MERE PREPARATION. *SEE, UNITED STATES V. PRESTO*, 24 M.J. 350 (C.M.A.1987).

by the drawer's signature on the check. The legal liability is created when the drawer signs the check authorizing a withdrawal from his account. U.C.C. § 3–401 (1990). From that point on, the drawer is unable to avoid his liability to innocent parties who rely on his signature and whatever terms are subsequently added to complete the check. Appellant's forged signature, if genuine, has the legal significance of making the victim liable for any terms subsequently filled in on the check. When appellant wrote the signature on the check purporting to be that of the rightful drawer, the forgery was completed despite the lack of the subsequent steps necessary to establish the extent and beneficiary of the forgery. *See McClain v. State*, 473 So.2d 612 (Ala.Cr.App.1985); *States v. Imboden*, 157 Mo. 83, 57 S.W. 536 (1900) (no forgery possible when check lacks a drawer's signature).

Appellant's act of forging the drawer's signature is an essential, and certainly substantial, step in a forgery of this nature. This is more than mere preparation and, in fact, completes the offense of forgery. Therefore, we see no error in the military judge's acceptance of appellant's guilty plea to attempted forgery.

The findings and sentence, as approved on review below, are affirmed.