**UNITED STATES**

v.

**Roosevelt BLACKMON, 587–13–7303, Storekeeper Seaman (E–3), U.S. Navy.**

**NMCM 92 2308.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 June 1992.

Decided 23 Nov. 1993.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

Col T.G. Hess, USMC, Appellate Government Counsel.

Before REED, Senior Judge, and LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

This case presents a novel issue: whether an accused can be convicted of forgery in violation of Article 123, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 923, when he signs the name of another on his own checks with intent to defraud on a closed account. We hold that falsely making a check on one's own closed account constitutes forgery and affirm appellant's conviction.

Contrary to his pleas, appellant was convicted by a special court-martial, military judge alone, of two specifications of larceny (involving a wallet and three videotapes), four specifications of forgery and one specification of wrongfully obtaining telephone services by false pretenses, in violation of Articles 121, 123 and 134, UCMJ, 10 U.S.C. §§ 921, 923 and 934. His sentence consisted of a bad-conduct discharge, confinement for three months, forfeiture of $523.00 pay per month for three months and reduction to pay grade E–1. The convening authority approved the sentence. Appellant has assigned five errors for our consideration.[1]

---

1. I. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF FORGERY WHERE THE DOCUMENTS IN QUESTION COULD NOT HAVE IMPOSED A LEGAL LIABILITY ON ANOTHER.

II. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (FOOTNOTE OMITTED.)

III. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (FOOTNOTE OMITTED.)

IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (FOOTNOTE OMITTED.)

V. THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE. (FOOTNOTE OMITTED.)

## I

In February 1991, appellant found a wallet in his barracks near a pay telephone. The wallet belonged to Petty Officer Brian Jones and contained an MCI calling card and an armed forces identification card. Instead of returning the wallet and its contents to Petty Officer Jones, appellant made numerous telephone calls with the MCI card. Several months later in July 1991, appellant decided to write four checks to the Navy Exchange on "starter" checks on his own checking account that had been closed by his bank the previous December for being overdrawn. These checks did not contain printed information such as appellant's name, address, or telephone number, but did reflect his account number along the bottom edge. The account had existed at the Alaska USA Federal Credit Union.

When appellant wrote the four checks to the Navy Exchange in July, he printed personal information for Petty Officer Jones on the front of the check, signed "Brian L. Jones" as the maker, and used Petty Officer Jones' identification card when he uttered the checks at the Exchange.

## II

Both at trial and now on appeal, appellant argues that he did not commit the offense of forgery because these checks could not have imposed a legal liability on another. He points out that when the checks were cashed at the Exchange, they were sent to Alaska USA Federal for payment based on the account number on the checks and not the name or signature. Petty Officer Jones would therefore never be in any danger of having his account debited because he had no account there and the account number was only appellant's. Because Petty Officer Jones was not associated with the account, only the appellant could possibly be associated with the checks. There was simply no way these checks could impose legal liability on Petty Officer Jones. Citing *United States v. Johnson*, 33 M.J. 1030 (N.M.C.M.R.1991), he states that imposing only a potential liability on Jones was not enough; the writings must have been of a type that would apparently impose an actual liability upon him.

## III

Article 123, UCMJ, states:

Any person subject to this chapter who, with intent to defraud—

(1) falsely makes or alters any signature to, or any part of, any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice; or

(2) utters, offers, issues or transfers such a writing, known by him to be so made or altered; is guilty of forgery and shall be punished as a court-martial may direct.

An essential part of this offense is the requirement that the object of a forgery be a document having legal efficacy—that it purports to impose or change any legal liability or right of another person. *United States v. Banfield*, 37 M.J. 325 (C.M.A.1993); *United States v. Hopwood*, 30 M.J. 146 (C.M.A.1990); *United States v. Thomas*, 25 M.J. 396 (C.M.A.1988); *Johnson*. Paragraph 48c(4), Part IV, Manual for Courts–Martial, United States, 1984, states:

With respect to the apparent legal efficacy of the writing falsely made or altered, the writing must appear either on its face or from extrinsic facts to impose a legal liability on another, or to change a legal right or liability to the prejudice of another. If under all the circumstances the instrument has neither real nor apparent legal efficacy, there is no forgery.

Based on this legal efficacy requirement, convictions were set aside in *Hopwood*, *Thomas*, and *Johnson* because the documents possessed no intrinsic capacity to affect legal rights or relationships. In *Hopwood*, the accused falsely signed another's name on a credit application for the purchase of an automobile. In *Thomas*, the accused falsely signed his commander's name to a letter of reference form to be used in connection with obtaining a loan. In *Johnson*, the accused falsely altered a naval message containing the results of a urinalysis report.

Other cases have found legal efficacy in certain writings. In *Banfield*, the accused's conviction was affirmed where he falsely

signed a fictitious name on blank travelers checks. The court found a change in legal rights because the accused's signing deprived the person who lost the checks from exercising her contractual right to recover the proceeds of the checks from American Express. 37 M.J. at 329. Similarly, when an accused falsely signs an application for a checking or bank account that is subject to certain banking fees, the legal efficacy test is met. *United States v. Burnette,* 35 M.J. 58 (C.M.A. 1992); *United States v. White,* 35 M.J. 154 (C.M.A.1992); *see also, United States v. Darden,* 34 M.J. 1158 (N.M.C.M.R.1992) (false signature on stolen checks constitutes forgery).

### IV

In the case under review, we are not considering credit applications or a naval message, but negotiable instruments that possess intrinsic capacity to affect legal rights. While appellant did not steal another's checks, but used those from his own closed account, he still committed forgery. He clearly defrauded the Navy Exchange into believing that he was Petty Officer Jones and that the checks were drawn on Petty Officer Jones' account. The writing on these checks appeared on their face to apparently impose a legal liability on Petty Officer Jones. The contradiction between the information on the face of the checks and the printed codes was not apparent from the writings themselves. The Exchange personnel negotiating the checks could only assume that the printed codes represented Jones' bank and his account. In fact, when the checks were returned, the Exchange looked to Petty Officer Jones to make good on them, and to possibly check his pay if he failed to do so.

In our view, these factors indicate that appellant's false signatures of Petty Officer Jones did apparently impose legal liabilities on Jones. It is through extrinsic facts (knowing that the account number on the bottom of the checks really belongs to appellant) that appellant argues that there can be no forgery. However, if a defect can only be discovered through extrinsic evidence, the instrument still tells a lie about itself, and he who utters such an instrument with intent to defraud commits forgery. Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 417 (3d ed. 1982). We therefore find this assignment of error without merit and that appellant was properly convicted of forgery.

### V

The remaining assignments of error also lack merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A. 1992).

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge REED and Judge LAWRENCE concur.