UNITED STATES, Appellee,

v.

Hollis O. HOPWOOD, Technical
Sergeant U.S. Air Force,
Appellant.

No. 63,076.
ACM 27437.

U.S. Court of Military Appeals.

May 17, 1990.

For Appellant: *Captain Mark R. Land*
(argued); *Colonel Richard F. O'Hair* (on
brief).

For Appellee: *Captain David G. Nix*
(argued); *Colonel Joe R. Lamport, Colo-
nel Robert E. Giovagnoni, Major Paul H.
Blackwell, Jr.* (on brief); *Major Terry M.
Petrie.*

*Opinion of the Court*
EVERETT, Chief Judge:

I

Appellant was tried by a general court-
martial at Reese Air Force Base, Texas, on
August 23–25, 1988. Contrary to his pleas,
he was found guilty of making two false
official statements [1] and committing four
forgeries, in violation of Articles 107 and
123, Uniform Code of Military Justice, 10
USC §§ 907 and 923, respectively. All four
forgeries were alleged to have occurred on
or about January 18, 1988; and all con-
cerned the same transaction—the purchase
of a 1988 Nissan Maxima automobile. The
four forgery specifications related respec-
tively to appellant's signing a retail install-
ment sales contract; a purchase order; an
agreement concerning accidental physical
damage insurance; and a credit application.

The issue on which we granted review
concerns the credit application and is:

WHETHER CHARGE II, SPECIFICA-
TION 4, FAILED TO STATE AN OF-
FENSE IN THAT THE DOCUMENT IN

---

1. A third specification under Article 107 was    dismissed after arraignment. (R. 34.)

QUESTION (APPLICATION FOR JOINT CREDIT) LACKED LEGAL EFFICACY AND COULD NOT BE THE SUBJECT OF A FORGERY AS A MATTER OF LAW.

The Court of Military Review divided on this issue. The majority concluded that the finding of guilty on this specification should be affirmed but recognized that our decision in *United States v. Thomas*, 25 MJ 396 (CMA 1988), "in fairness, can be read as supporting a contrary position." 29 MJ 530, 533 (1989). Senior Judge Lewis, who dissented on this issue, believed the majority had reached "a sensible result" but was "unable to reconcile the result reached with my understanding of *Thomas.*" *Id.* at 534. This Court also is unable to achieve this reconciliation.

II

■ Article 123 subjects to punishment any servicemember
who, with intent to defraud—

(1) falsely makes or alters any signature to, or any part of, *any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice;* or

(2) utters, offers, issues, or transfers such a writing, known by him to be so made or altered ...

(Emphasis added.) As we noted in *Thomas*, this language is narrower than that which had been proposed by the Judge Advocate General of the Army when the Uniform Code of Military Justice was considered by Congress. Moreover, "[h]istorically, we have interpreted this provision rather strictly." 25 MJ at 399.

Consistently with a strict interpretation, the Court concluded in *Thomas* that the accused could not be convicted of forgery for falsely signing his commander's name to a letter reference form known as a "Commanding Officer's Letter," which he

had used in connection with obtaining a loan. We emphasized that this document did not purport to impose or change any legal liability or right of another person— namely, the accused's commanding officer. We also called attention to earlier cases where the document involved had not met the legal-efficacy test imposed by Article 123. *See, e.g., United States v. Strand*, 6 USCMA 297, 20 CMR 13 (1955) (a "NAVAL SPEED LETTER" which falsely told the accused's spouse that he had been killed in an automobile accident); *United States v. Farley*, 11 USCMA 730, 732, 29 CMR 546, 548 (1960) (fraudulent *application* for life insurance); *United States v. Phillips*, 14 USCMA 620, 34 CMR 400 (1964) (false copy of an allotment authorization). *See* 25 MJ at 399–400.

Hopwood falsely signed the name of his brother, Elroy, and his sister-in-law, Sharon, to the credit application in order to buy an automobile. We conclude that, whatever might be the result if he were tried for this misconduct under a state forgery statute, he cannot be successfully prosecuted under Article 123, because the application itself did not create or purport to create any legal right or liability on the part of Elroy or Sharon.[2]

The Manual for Courts–Martial says this about the offense: "With respect to the apparent legal efficacy of the writing falsely made or altered, the writing must appear either on its face *or from extrinsic facts* to impose a legal liability on another, or to change a legal right or liability to the prejudice of another." Para. 48c(4), Part IV, Manual for Courts–Martial, United States, 1984. The Government contends that in this case the falsely signed credit application appeared to have legal efficacy in light of "extrinsic facts"—namely, that the credit application was part of a set of documents which the automobile dealer used in the regular course of his business of selling cars. We are unconvinced.

---

2. The situation is different with respect to the other three documents to which appellant affixed false signatures. For example, if the signatures of Elroy and Sharon on the retail installment sales contract had been genuine, they could have been sued had they failed to perform the buyers' obligations under that contract.

Certainly the credit application was a preliminary—and probably necessary—step towards a purchaser's entry into a transaction that would appear to create legal rights and liabilities. However, this was also true of the commanding officer's letter in *Thomas*. The credit application could not be "forged" in violation of Article 123 because, even when considered in light of companion documents and the intended purchase transaction, the application itself, if genuine, would not create any legal right or liability on the part of the purported makers.

As we pointed out in *Thomas*, submitting a false credit reference form may warrant a prosecution on charges other than forgery. 25 MJ at 402. Judge Kastl, writing for the majority of the court below, mentions

> [a]mong viable candidates: Title 18 of the United States Code (forgery, fraud, false statements); state laws assimilated under Article 134, 10 U.S.C. § 934; larceny and wrongful appropriation under Article 121, 10 U.S.C. § 921; and attempted larceny/wrongful appropriation under Article 80, UCMJ, 10 U.S.C. § 880.

29 MJ at 532 n.2.

Thus, the result reached here does not unduly limit prosecutorial options. In addition to the three forgeries of which Hopwood was properly convicted, the Government also could have tried him for larceny or attempted larceny of the car. However, because of the express language of Article 123, it could not properly prosecute him for forging the credit application.

### III

■ Although one of the four forgery convictions cannot stand, it is clear to us that the conviction of this offense did not prejudice appellant as to his sentence—a bad-conduct discharge and reduction to airman basic.

The decision of the United States Air Force Court of Military Review is reversed as to specification 4 of Charge II; the finding of guilty thereon is set aside, and that specification is dismissed; in all other respects the decision below is affirmed.

COX and SULLIVAN, Judges, concur.