UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.

 Sergeant NICHOLAS A. PATLA
 United States Army, Appellant

 ARMY 20100809

 Headquarters, Fort Campbell
 Timothy Grammel, Military Judge
 Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate

For Appellant: Major Laura R. Kesler, JA; Captain Jennifer A. Parker, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 22 March 2011

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of false official statement, forgery, two
specifications of larceny, and false swearing, in violation of Articles
107, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907,
921, 923 and 934 [hereinafter UCMJ]. The military judge sentenced
appellant to reduction to the grade of E1, forfeiture of $964 pay for 10
months, confinement for 10 months, and a bad conduct discharge. In
accordance with a pretrial agreement, the convening authority approved the
sentence as adjudged but reduced the confinement to 6 months. The
convening authority also deferred and waived the adjudged and automatic
forfeitures for a period of not more than 6 months, in accordance with
Article 58b, UCMJ. This case is before this court on review pursuant to
Article 66(c), UCMJ.

 While no assignment of error was raised on appeal, we determined that
appellant’s plea to forgery is legally deficient. Consequently, we set
aside appellant’s conviction for forgery reflected in the specification of
Charge II.

 FACTS

 Appellant’s charged offenses of false official statement and forgery
arose when he created in whole a letter to present to his chain of command.
 While not part of the record, the letter was purportedly signed by a
doctor from Vanderbilt Institute for Medical and Public Health. The letter
indicated the doctor was treating appellant’s newborn son for a life-
threatening lung condition and recommended an extension of appellant’s
leave. In fact, appellant’s newborn was perfectly healthy and had not
been treated by either the named doctor or the hospital.

 In pertinent part, the specification of forgery stated, “said letter
would, if genuine, apparently operate to the legal harm of another and
which could be used to the legal harm of Dr. B.C. and Vanderbilt, The
Institute for Medical and Public Health, in that the letter creates a
doctor patient relationship.”

 During providency, the judge sought to establish how the letter
established a legal harm. In response, appellant stated, “[the letter]
made [the Doctor] liable for any care that was to happen.” In explaining
how the hospital could be harmed, appellant stated, “it would make not only
the doctor but the hospital liable for any care that was given; anything
that went wrong, it would make them liable for as well.” Finally, the
judge asked, “So if something happened where your son had complications
with his lungs, respiratory problems, would this document, could that be
used to the legal harm of both [the doctor] and Vanderbilt?” Appellant
replied, “Yes, it would, sir.”

 Law and DISCUSSION

 Article 123, UCMJ, subjects to punishment any soldier who, with
intent to defraud-

 (1) falsely makes or alters any signature to, or any part of, any
 writing which would, if genuine, apparently impose a legal liability
 on another or change his legal right or liability to his prejudice; or

 (2) utters, offers, issues, or transfers such a writing, known by
 him to be so made or altered ...

 The Manual discussion of the offense explains: “With respect to the
apparent legal efficacy of the writing falsely made or altered, the writing
must appear either on its face or from extrinsic facts to impose a legal
liability on another, or to change a legal right or liability to the
prejudice of another.” Para. 48c(4), Part IV, Manual for Courts-Martial,
United States, 2008 (emphasis added). However, it is the document itself,
and not extrinsic facts, which must apparently impose the liability.
United States v. Hopwood, 30 M.J. 147, 147 (C.M.A. 1990); See generally,
Legal Efficacy in a Guilty Plea Case, The Army Lawyer, May 1991, 36, 37.

 “The mere making of a false signature or other entry on a document is
not, in itself, sufficient to constitute forgery; the apparent nature of
the document is also critical.” United States v. Thomas, 25 M.J. 396, 398
(CMA 1988). In Thomas, a faked letter of reference in support of a loan
application was insufficient to constitute forgery. The Thomas court
likewise provided several examples of cases in which documents containing
false and apparently fraudulent information were nonetheless found not to
impose the requisite legal liability or harm required to constitute the
offense of forgery. See, e.g., United States v. Strand, 6 U.S.C.M.A. 297,
20 C.M.R. 13 (1955) (false letter using Naval messaging system telling
accused's spouse he had been killed in an automobile accident); United
States v. Farley, 11 U.S.C.M.A. 730, 732, 29 C.M.R. 546 (1960) (fraudulent
application for life insurance); United States v. Phillips, 34 C.M.R. 400
(1964) (a copy of an allotment authorization). Thomas, 25 M.J. at 399-400.

 In light of these legal standards, in the present case we find that,
while appellant made a factually supportable guilty plea to the offense of
forgery, there still exists a substantial basis in law for questioning the
legal sufficiency of appellant’s plea. United States v. Inabinette, 66
M.J. 320, 322 (C.A.A.F.2008); United States v. Prater, 32 M.J. 433, 436
(C.M.A.1991). That is because neither appellant’s providency nor the
stipulation of fact in support of appellant’s plea establish as a matter
of law how the letter itself imposes a legal liability on either the doctor
or the hospital identified in the specification. Because neither the
letter itself nor the extrinsic facts about the letter’s contents (as
opposed to its potential legal impact) on their own impose liability or
change a legal right, appellant’s plea to forgery is legally deficient.

 CONCLUSION

 Consequently, we set aside the findings of guilty to the offense of
forgery in Charge II and its specification in appellant’s case. The
remaining findings are affirmed. Because the military judge sua sponte
found the offense of false official statement and forgery to constitute a
single offense for sentencing under Rule for Court-Martial 1003(c)(1)(C),
we are confident the sentencing landscape has not changed. United States
v. Sales, 22 M.J. 305 (C.M.A. 1986); United States v. Moffeit, 63 M.J. 40
(C.A.A.F. 2006). Therefore, we also affirm appellant’s sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court