# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant TONYA M. JONES-MARSHALL**
**United States Army, Appellant**

ARMY 20100649

Headquarters, XVIII Airborne Corps and Fort Bragg
Gary J. Brockington, Military Judge
Colonel Stephen J. Berg, Staff Judge Advocate

For Appellant:  Captain Meghan M. Poirier, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Jennifer A. Parker, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirier, JA (on brief in response to specified issues).

For Appellee:  Captain Daniel D. Maurer, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief); Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief in response to specified issues).

28 March 2012

--------------------------------
OPINION OF THE COURT
--------------------------------

KRAUSS, Judge:

A panel of officers, sitting as a general court-martial, convicted appellant, contrary to her pleas, of three specifications of conspiracy to commit larceny, one specification of larceny, and six specifications of forgery, in violation of Articles 81, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 923 (2006) [hereinafter UCMJ].  Appellant was acquitted of four specifications of false official statement and two specifications of fraud against the United States, alleged in violation of Articles 107 and 132, UCMJ, respectively.  The convening authority approved the adjudged sentence to dismissal from the service.

Appellant's case is now before this court for review under Article 66, UCMJ. She raises two assignments of error asserting that the evidence is legally and

factually insufficient to support her convictions for forgery and that the military judge committed plain error by failing to treat the larceny and forgery charges as an unreasonable multiplication of charges. In addition, we specified the issue as to whether the evidence was legally and factually sufficient to support two of appellant's convictions for conspiracy.

## BACKGROUND

Appellant, a mobilized reservist, assumed duties at Fort Jackson, South Carolina in 2005 and, over the course of the following two years, stole over $50,000 from the United States by submitting phony rental receipts and rental agreements for reimbursement she was not authorized. The government charged appellant with submission of false claims as well as larceny and false official statement. The government also charged appellant with forgery based on the falsified lease agreements and rental receipts she made that also served as the basis for the charged larceny and false claims. Indeed, under Article 123, UCMJ, the government charged appellant with forgery on the theory that the documents at issue "would, if genuine, apparently operate to the legal harm of the United States, in that [they were] used to fraudulently submit travel vouchers." The leases and receipts at issue concerned purported agreements and transactions between individual private parties. The testimony of several witnesses established appellant's responsibility for the creation and submission of the false documents charged and the receipt of money from the United States as a result.

Appellant also faced charges of conspiring separately with three different individuals to steal money from the United States by submitting fraudulent travel vouchers in a similar fashion. In relation to the alleged conspiracies, the co-conspirator alleged under Specification 1 of Charge I actually testified. The government relied entirely upon documentary evidence to prove the two other conspiracies alleged under Specifications 2 and 3 of Charge I.

## LAW AND DISCUSSION

### *Forgery*

Here the government fell into the trap set by Article 123 for those who overlook the legal efficacy requirement necessary to properly prosecute forgery under the UCMJ. *See United States v. Thomas*, 25 M.J. 396, 402 (C.M.A. 1988). Article 123 is a narrowly defined statute that is strictly interpreted. *United States v. Hopwood*, 30 M.J. 146, 147 (C.M.A. 1990). While forgery in a general sense may simply include false signature to a document or the falsification of another document, forgery under the UCMJ includes only those falsified documents that "would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice." UCMJ art. 123(1). In order to properly convict a soldier of forgery, the evidence must establish that the false document alleged must

itself impose such legal harm. The document in question and extrinsic facts are admissible to show whether the document in and of itself possesses this legal efficacy required to sustain a proper prosecution and conviction for a violation of Article 123, UCMJ. *Hopwood*, 30 M.J. at 147; *Thomas*, 25 M.J. at 401–02. Here, neither the falsified leases nor the falsified receipts apparently impose a legal liability on the United States.[*]

Both the leases and receipts purport to reflect agreements and transactions between private parties that neither expressly nor implicitly bear any relationship to the United States whatsoever. Neither the leases nor the receipts themselves create or purport to create any legal right or liability on the part of the United States. The leases alleged involve the accused and a Mr. MN as lessee and lessor, respectively, and Sergeant First Class KLP and Ms. RN as lessee and lessor, respectively. Nowhere is the United States mentioned in either case and the leases in question contain nothing that would offer any legal right or impose any legal liability upon the United States. The receipts purport to reflect rent paid by individuals in their private capacity to individuals in their private capacity. The receipts neither expressly or by implication involve the United States in any sense.

The government argues that when considered in light of the Joint Federal Travel Regulation (JFTR), the leases and receipts perfect a mobilized reservist's right to reimbursement from the United States for rent paid and therefore satisfy the legal efficacy requirement. *See* DEF. TRAVEL MGMT OFFICE, JOINT FED. TRAVEL REG'S, VOL. 1, ch. 4 (C303, 1 March 2012). However, the JFTR provision relied upon does not describe those or any documents as instruments perfecting any claim for reimbursement. The JFTR merely allows reimbursement for rent paid by mobilized reservists while in a temporary duty status. Nor do the leases and receipts in this case purport to create a right to reimbursement or establish an entitlement to reimbursement. Testimony rendered by an employee of the Defense Finance and Accounting Service on the subject establishes that while documents such as a lease and receipt for rent paid may serve as part of any package necessary to claim reimbursement for rent, additional, separate documents, including orders, that establish a reimbursable status, and a travel voucher, are essential before a soldier can expect the United States to reimburse for rent paid. Therefore, neither the JFTR nor any other extrinsic fact in this case establishes that the alleged receipts or leases themselves perfect a right to reimbursement or that those documents, in and of themselves, impose a legal harm on the United States.

---

[*] While falsified leases and receipts may properly serve as the basis for prosecution under Article 123, UCMJ, in other circumstances, they cannot as alleged and prosecuted here.

Additional documents in a particular case may constitute extrinsic facts relevant to the question of legal efficacy when considered in conjunction with the false document. *See Thomas*, 25 M.J. at 400–02. However, those additional documents must actually confer legal efficacy upon the document itself, define the document as possessing legal efficacy itself, or establish that, under the circumstances, legal efficacy inheres in the document alleged. Additional documents that illustrate the alleged false documents as merely preliminary steps toward imposition of legal harm or perfection of a legal right, on the other hand, do not suffice as proof of forgery. This distinction preserves the statutory requirement to prove legal efficacy as defined. *Hopwood*, 30 M.J. at 147–48; *Thomas*, 25 M.J. at 400–02. Because documents that are merely preliminary and necessary steps toward perfection of a legal right or imposition of a legal harm cannot, as a matter of law, constitute forgeries under Article 123, UCMJ, the forgeries in this case must fail. *Hopwood*, 30 M.J. at 148.

While creation and provision of the falsified leases and receipts may constitute preliminary steps toward perfecting a false claim against the United States, in this case, the lease and receipts themselves neither impose an apparent liability on the United States nor apparently perfect a soldier's entitlement to reimbursement for rents paid. Neither do those documents possess that legal efficacy when viewed in conjunction with the JFTR. One who submits falsified rental agreements or receipts for rent, alone, to finance, will not be reimbursed for rent on the basis of those documents alone or by reference to the JFTR. Either taken alone or as steps toward perfection of such an entitlement they cannot, as a matter of law, constitute forgeries under Article 123, UCMJ. *Hopwood*, 30 M.J. at 147–48; *Thomas*, 25 M.J. at 400–02.

The limitation of the law under Article 123, UCMJ, does not prevent the government from properly prosecuting a soldier for dishonest dealings in this respect. Indeed, this case exemplifies that fact. Appellant was properly prosecuted for larceny and false claim based on the same facts used to prosecute the forgery offenses and was ultimately convicted of larceny. *Hopwood*, 30 M.J. at 148.

*Conspiracy*

In response to the issue specified by this court, the appellant argues and the government concedes that the evidence is factually insufficient to support appellant's conviction for conspiracy under Specification 2 of Charge IV. We agree. After consideration of the record and the briefs and arguments of the parties, we also maintain reasonable doubts about whether appellant entered into the agreement necessary to support a conviction under Specification 3 of Charge IV, as alleged, and find the evidence factually insufficient to support the same. UCMJ art. 66(c).

4

## CONCLUSION

The findings of guilty of Specifications 2 and 3 of Charge I and of the specifications of Charge IV and Charge IV are set aside and dismissed. The remaining findings of guilty are affirmed. Under the particular facts of this case we are confident that reassessment of the sentence is appropriate. Indeed we agree with the sense of appellant's argument, relative to an unreasonable multiplication of charges, that the larceny constitutes the gravamen of the misconduct charged, are confident that the sentence to dismissal is not inappropriately severe and that a dismissal would be imposed by this court-martial even absent charge of the forgery and conspiracy offenses here disapproved. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court