# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BENITO NIEVESPABON**
**United States Army, Appellant**

ARMY 20100626

Seventh U.S. Army Joint Multinational Training Command
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Kristin McGrory, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

15 March 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of enlisted members sitting as a general court-martial, convicted appellant, contrary to his pleas, of failing to obey a lawful regulation, false official statement, larceny (two specifications), and forgery, in violation of Articles 92, 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 921, 923 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved five years of confinement and the remainder of the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Appellant raises four assignments of error and several other matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We have considered the entire record, including those matters personally raised by appellant, and find that only the first assignment of error warrants discussion.  Appellant alleges that the forgery conviction cannot stand because the writing at issue, a residential lease agreement, lacked legal efficacy.  We agree and will offer relief in our decretal paragraph.

This case arises out of appellant's false claims for Basic Allowance for Housing (BAH) entitlements. In addition to larceny and false official statement, the government charged appellant with creating a false lease agreement, between his spouse and a private landlord, in order to fraudulently obtain BAH entitlements. The residential lease agreement purported that appellant's wife lived in New York City, when in fact she resided in Quito, Ecuador. The false lease agreement was the sole basis of the forgery charge.

We review questions of legal sufficiency de novo. *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002). The crime of forgery occurs when a servicemember:

> (1) falsely makes or alters any signature to, or any part of, *any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice;* or
>
> (2) utters, offers, issues, or transfers such a writing, known by him to be so made or altered . . . .

UCMJ art. 123, 10 U.S.C. § 923 (2006) (emphasis added). Under the UCMJ, a false writing alone does not constitute forgery. The writing must also have legal efficacy. *United States v. Thomas*, 25 M.J. 396, 397–98 (C.M.A. 1988). The writing must appear either on its face or from extrinsic facts to impose a legal liability on another, or to change a legal right or liability to the prejudice of another. *Manual for Courts-Martial*, *United States* (2008 ed.) pt. IV, ¶48.c.(4). If under all the circumstances the writing has neither real nor apparent legal efficacy, there is no forgery. *Id.*

Here, the government specifically charged appellant with using the written lease to impose a legal liability upon the United States. We have specifically held that falsified leases between private parties do not, by themselves, impose a legal liability upon the United States. *United States v. Jones-Marshall*, 71 M.J. 534, 535 (Army Ct. Crim. App. 2012). The government concedes that this case is no different from *Jones-Marshall*, and agrees that these particular facts do not support appellant's conviction for forgery. Here, as in *Jones-Marshall*, the lease agreement, while false, does not expressly or by implication impose a legal liability upon the United States. Since the lease was merely a step toward imposition of a legal harm, we must set aside appellant's forgery conviction. *Id.* at 536.

2

## CONCLUSION

On consideration of the entire record, the findings of guilty as to Charge III and its Specification are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court