# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Mark J. PETERS
### Chief Maritime Enforcement Specialist (E-7), U.S. Coast Guard Reserve

### CGCMS 24488
### Docket No. 1369

### 4 June 2013

Special Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at Alameda, California, on 4-6 January 2012.

| | |
|---|---|
| Military Judge: | LCDR Thomas R. Brown, USCG |
| Trial Counsel: | LT Michael Meyer, USCGR |
| Assistant Trial Counsel: | LT James P. Kaiser, USCGR |
| Civilian Defense Counsel: | Mr. Jeffrey B. Neustadt |
| Military Defense Counsel: | LT Jeanne W. Murray, JAGC, USN |
| Appellate Defense Counsel: | LT Jonathan C. Perry, USCGR |
| Appellate Government Counsel: | LCDR Vasilios Tasikas, USCG |

### BEFORE
### McCLELLAND, McTAGUE & NORRIS
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of four specifications of making false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of larceny of military property, in violation of Article 121, UCMJ; and four specifications of forgery, in violation of Article 123, UCMJ. The military judge sentenced Appellant to confinement for forty-five days, reduction to E-5, and a bad-conduct discharge. The Convening Authority approved a sentence of thirty days confinement, reduction to E-6, and a bad-conduct discharge.[1]

---

[1] The pretrial agreement provided that confinement in excess of thirty days and reduction below E-6 would be suspended.

Before this court, Appellant has assigned as error that the order promulgating the results of trial and the Convening Authority's action inaccurately describe the sentence adjudged by the military judge. The Government concedes the error and agrees that it must be corrected. Accordingly, we will so order.

We are troubled by some of the specifications of false official statements and by the specifications of forgery. We merge two of the specifications of false official statements, set aside the findings on forgery, and affirm the approved sentence.

Appellant was a reservist who began serving on active duty under Title 10, United States Code, in April 2006. He was entitled to reimbursement of his actual lodging expenses, not to exceed a certain maximum amount per day. From September 2006 to June 2010, he submitted claims twice a month, in which he entered the maximum allowable lodging expense, which exceeded his actual lodging expense. To submit these claims, he used the Coast Guard's electronic claims process, which computer process results in the electronic submission of a DD Form 1351-2 (Travel Voucher) to the Government. Beginning in 2008, the process required the claimant to certify, by a separate click, that the claimant possessed valid receipts for the claimant's lodging expenses.

In April 2010, a Coast Guard claims auditor requested from Appellant a current lease agreement and numerous lodging receipts. Appellant prepared a lease document and receipts for the signature of his landlady, reflecting his actual lodging expense of $900 per month. After she signed them, he altered them to indicate the rate of $2,900 per month. In July 2010, Appellant submitted the requested items to the auditor.[2]

Appellant's electronic submission, on multiple occasions, of DD Form 1351-2 with false amounts for lodging was the subject of Charge I (false official statements), Specification 1. Appellant's certification, on multiple occasions, that he possessed receipts for lodging expenses was the subject of Charge I, Specification 2. His altering of the receipts eventually submitted to the auditor was the subject of Charge III (forgery), Specification 1; his presentation of the altered

---

[2] The foregoing facts were obtained from Prosecution Exhibit 1, a stipulation of fact.

(falsified) receipts to the auditor in July 2010 was the subject of Charge I, Specification 3, and also of Charge III, Specification 2 (forgery by uttering). His altering of the lease agreement was the subject of Charge III, Specification 3; his presentation of the altered (falsified) lease agreement to the auditor in July 2010 was the subject of Charge I, Specification 4, and also of Charge III, Specification 4.

The claims for amounts in excess of his actual lodging expenses resulted in excess reimbursements to Appellant, adding up to some $95,000. The excess reimbursements were the subject of the specification of Charge II (larceny).

### False official statements

Appellant was found guilty of two specifications of false official statement based upon his electronic submission of DD Form 1351-2 on divers occasions. The first specification alleged a false statement of the amount of his lodging expense. The second specification alleged a false statement that he possessed receipts for his lodging expense. These are said to be two separate acts in that the possession of receipts is the subject of a separate act (a click) in the computer process.

We reject the notion that two separate statements were made. We take judicial notice that the computer process of electronically submitting a DD Form 1351-2 ends with a final computer entry that is considered an electronic signature. For each claim, Appellant made a single statement when he made the final entry. Accordingly, Specifications 1 and 2 of Charge I should have been a single specification. We will merge them.

The military judge determined that Specifications 1 and 2 of Charge I were multiplicious for sentencing purposes. (R. at 333.) We are therefore certain that the sentence would not have been different if they had been merged at trial.

### Forgery

Charge III, Specification 1 alleges that Appellant, with intent to defraud, falsely altered certain receipts "which said receipts would, if genuine, apparently operate to the legal harm of

another and which receipts could be used to the legal harm of the United States Government in that, if genuine, these receipts would require United States Government to pay certain monies to, and forbear from recouping certain monies from," Appellant.

The elements of forgery for this alleged offense are that the accused falsely altered a writing; that the writing was of a nature which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice; and that the false altering was with the intent to defraud. Manual for Courts-Martial (MCM), United States (2008 ed.), Part IV, ¶ 48b(1). The second element includes the concept that the writing must have legal efficacy. *See* MCM, Part IV, ¶ 48c(4).

Similarly, Charge III, Specification 2 alleges that Appellant, with intent to defraud, uttered certain receipts that he knew had been falsely altered, which said receipts were "writings which would, if genuine, apparently operate to the legal harm of another . . . and which could be used to the legal harm of the United States Government in that, if genuine, these receipts would require United States Government to pay certain monies to, and forbear from recouping certain monies from," Appellant. The elements of forgery for this alleged offense are that a certain writing was falsely altered; that the writing was of a nature which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice; that the accused uttered the writing; that at such time the accused knew that the writing had been falsely altered; and that the uttering was with the intent to defraud. MCM, Part IV, ¶ 48b(2).

A receipt is a writing specifically mentioned as an example in MCM, Part IV, ¶ 48c(4). By its nature, it has legal efficacy, for it reflects that the person signing has received funds in the amount stated. This would mean that the person, if a creditor, has no further legal right to receive that amount, or if a borrower, will be liable to repay that amount. In Appellant's case, as noted in the Facts section above, the receipts signed by Appellant's landlady stated that she had received $900. Appellant then altered the receipts so that they stated the landlady had received $2,900. Any one of these receipts, if genuine, would change his landlady's legal rights to her

prejudice, in that it would indicate that he had paid more than three months' rent instead of the single month's rent stated at the time she signed it.

However, this was not the legal efficacy discussed during the providence inquiry. The pleadings and the providence inquiry focused solely on the legal efficacy of the receipts with respect to the Government. Thus, in connection with Charge III, Specification 1, the military judge asked Appellant, "And if the receipt had been genuine, would it have been capable of paying you a certain reimbursed obligation?" Appellant replied in the affirmative. The military judge went on, "Do you agree that the receipt would impose a legal obligation on the U.S. Coast Guard or government to reimburse you in that amount?" Again Appellant replied in the affirmative. (R. at 91.)

The providence inquiry on Charge III, Specification 2 was similar. The military judge asked Appellant, "If the receipts had been genuine, would they have been capable of requiring an increased payment of an obligation by the U.S. government to you?" He also asked, "Do you agree that the receipts would have imposed a legal obligation to the United States government?" To both questions, Appellant replied in the affirmative. (R. at 95.)

Despite Appellant's answers, on their face, the receipts do not appear to have any legal effect on obligations and liabilities of the United States.[3] They reflect the receipt of monies by Appellant's landlady, a private person, from Appellant, another private person. MCM, Part IV, ¶ 48c(4) allows for the possibility that "the writing must appear either on its face *or from extrinsic facts* to impose a legal liability on another, or to change a legal right or liability to the prejudice of another." (Emphasis added.) However, neither the providence inquiry nor the stipulation of fact provides any extrinsic facts establishing that the receipts resulted in a legal obligation of the United States.

Charge III, Specifications 3 and 4 are very similar to Charge III, Specifications 1 and 2 respectively, substituting the rental agreement for the receipts. The providence inquiries on the former specifications are also similar to the providence inquiries on the latter specifications.

---

[3] The receipts are Prosecution Exhibit 4.

Like the receipts, the rental agreement is between two private persons, the landlady and Appellant; on its face, it does not appear to affect obligations or liabilities of the United States.[4] Indeed, it does not appear to change his landlady's legal rights to her prejudice; instead, it would benefit her by increasing the rent due and would prejudice Appellant's rights. Neither the providence inquiry nor the stipulation of fact provides any extrinsic facts establishing that the rental agreement resulted in a legal obligation of the United States.

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008). The record must contain a sufficient factual basis to support the plea. MCM, Rule for Courts-Martial (R.C.M.) 910(e). The accused must believe and admit every element of the offense. *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion); *see United States v. O'Connor*, 58 M.J. 450, 453 (2003) (citing R.C.M. 910(e) Discussion). A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea. *Inabinette*, 66 M.J. at 322.

In this case, the record does not contain a sufficient factual basis to support the plea of guilty to forgery. No facts were brought out supporting Appellant's admissions that the receipts and rental agreement imposed a legal obligation on the United States Government. Appellant's admissions of a bare legal conclusion do not establish providence of the guilty plea. *See United States v. Gosselin*, 62 M.J. 349, 352-53 (C.A.A.F. 2006); *United States v. Caballero*, 65 M.J. 674 (C.G.Ct.Crim.App. 2007).

The Army Court of Criminal Appeals recently held, in a case with very similar facts, that rental receipts and rental agreements do not have legal efficacy within the meaning of Article 123. *United States v. Jones-Marshall*, 71 M.J. 534 (Army Ct.Crim.App. 2012) (citing *United States v. Hopwood*, 30 M.J. 146 (C.M.A. 1990) and *United States v. Thomas*, 25 M.J. 396 (C.M.A. 1988)), *petition denied*, 71 M.J. 345 (C.A.A.F. 2012). Hence, it is not clear that

---

[4] The rental agreement is Prosecution Exhibit 5.

discussion of extrinsic facts in the providence inquiry could have preserved this guilty plea. In the absence of such extrinsic facts, it is clear that we cannot uphold Appellant's convictions of the four specifications of forgery.

The facts discussed in the providence inquiries on the forgery specifications were proper aggravation of the larceny of which Appellant was convicted. Consideration of these facts by the military judge during sentencing was appropriate. We are certain that without the forgery charge, the adjudged sentence would not have been less than the sentence that was approved. *See United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, specifications 1 and 2 of Charge I are merged; the findings on Charge III and its four specifications are set aside and the charge and specifications are dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. The Convening Authority shall issue a new action premised on the correct adjudged sentence, approving a sentence of no more than thirty days confinement, reduction to E-6, and a bad-conduct discharge, and shall issue a new promulgating order correctly reporting the sentence and subsequent action, as well as reflecting the merger of Specifications 1 and 2 of Charge I and the dismissal of Charge III.

Judges McTAGUE and NORRIS concur.



For the Court,


Andrew R. Alder
Clerk of the Court