# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KENNY FREEMAN**
**United States Army, Appellant**

ARMY 20110661

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Michael K. Herring, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Mauer, JA; Captain Sean P. Fitzgibbon, JA (on brief).

4 September 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of making a false official statement, three specifications of larceny, and one specification of forgery, in violation of Articles 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 923 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for four months. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and ninety days of confinement.

This case is before us for review under Article 66, UCMJ. Appellate counsel raised one issue to this court. We find the issue raised by appellate counsel merits discussion but no relief.

**BACKGROUND**

To the forgery charge, appellant pleaded guilty to offering three forged Letters of Temporary Guardianship of his six sisters of minority age. He then used these forged documents to wrongfully receive an entitlement, Family Subsistence Supplemental Allowance (FSSA), to which he was not otherwise eligible. All charges stem from appellant and his friend, JY, creating a false story that appellant's mother had just recently deceased, necessitating appellant's immediate redeployment from Iraq in order to take custody of his six siblings. This story was false in that appellant's mother had passed away nearly nine years earlier and appellant never had custody of his six siblings. Following his redeployment, appellant and JY fabricated documents purporting to be from the Fulton County, Georgia Probate Court and awarding appellant official guardianship over his six sisters. Appellant then presented these false letters to Army Community Service and, in return, received $1,100.00 per month for five months from the U.S. Government.

Consistent with a pretrial agreement, appellant entered a plea of guilty to the offense of forgery, as well as to false official statement and multiple larcenies. During the providence inquiry with respect to the forgery, appellant admitted he "got three letters of guardianship . . . stating that [he] had custody of [his] sisters . . . ." and that one of his friends made the letters so he could fraudulently receive monetary entitlements from the United States Government. Appellant and the military judge engaged in the following colloquy regarding appellant's use of the forged documents:

> MJ: Why did he make them?
>
> ACC: Because I needed these documents to get the FSSA, sir.
>
> MJ: To get FSSA?
>
> ACC: Yes, sir.
>
> MJ: How was it that these documents would get you FSSA?
>
> ACC: By me having these documents, sir, the documents would say that I have these many dependents in my house, sir, so the government would give me extra money for having that many dependents in my house, sir.
>
> . . . .

MJ: Now without these documents in existence would you have the right to that allowance?

ACC: No, sir, I would not.

MJ: So then did these documents create a right to that allowance?

ACC: Yes, sir, they would have.

MJ: So what effect then did these documents have on your right to these entitlements?

ACC: These documents made me entitled to get FSSA, sir, because by me telling them that I had custody of my sisters and provide these documents, it allowed me to get the FSSA, sir.

MJ: Before you submitted the documents, was the government obligated pay you this allowance?

ACC: No, sir.

MJ: What about after you submitted the documents?

ACC: Yes, sir, they was [sic].

MJ: So do you think then that the documents appeared or did, in fact, create an obligation on the part of the U.S. Government to pay you this allowance?

ACC: Yes, sir, it did.

Separately, in the stipulation of fact, appellant admitted:

. . . that the letters of guardianship, if genuine, would impose a legal liability on the United States Government by creating a liability on the United States Government to pay the Accused Family Subsistence Supplemental Allowance. Further, payment of the Family Subsistence Supplemental Allowance was to the United States Government's prejudice because it paid money to the Accused through the Family Subsistence Supplemental Allowance that it would otherwise not be obligated to pay

3

the Accused, but for the falsely uttered letters of
guardianship. The Accused transferred the letters of
guardianship by giving them to a government employee at
Army Community Service while knowing that the letters
of guardianship were falsely made and altered and did so
with the intent to defraud the United States Government.

Based on appellant's providence inquiry and the stipulation of fact, the military judge accepted appellant's plea of guilty to forgery under Article 123, UCMJ.

## LAW AND DISCUSSION.

In his assignment of error to this court, appellant argues this court should set aside Charge II and its Specification because the forged letters of guardianship do not create a legal liability on the United States. Appellant cites this court's decision in *United States v. Jones-Marshall*, 71 M.J. 534 (Army Ct. Crim. App. 2012) in support of his argument. After our review of the record of trial and the submissions by the parties, we find appellant's case is readily distinguishable from the contested case of *Jones-Marshall*, and we find no substantial basis in law or fact to question appellant's plea of guilty to forgery.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980).

The crime of forgery occurs when a servicemember:

(1) falsely makes or alters any signature to, or any part of,
any writing which would, if genuine, apparently impose a
legal liability on another or change his legal right or
liability to his prejudice; or

(2) utters, offers, issues, or transfers such a writing,
known by him to be so made or altered . . . .

4

UCMJ art. 123.  A false writing alone does not constitute forgery.  The writing must also have legal efficacy.  *United States v. Thomas*, 25 M.J. 396, 397–98 (C.M.A. 1988).  The writing must appear either on its face or from extrinsic facts to impose a legal liability on another, or to change a legal right or liability to the prejudice of another.  *Manual for Courts–Martial, United States* (2008 ed.) [hereinafter *MCM*] pt. IV, ¶ 48.c.(4).  If under all the circumstances the writing has neither real nor apparent legal efficacy, there is no forgery.  *Id.*

In *Jones-Marshall*, this court found that falsified leases between private parties do not, by themselves, impose a legal liability upon the United States.  We further noted the documents at issue in that case did not "purport to create a right to reimbursement or establish an entitlement to reimbursement."  *Jones-Marshall* 71 M.J. at 536.  We expressly found:

> Testimony rendered by an employee of the Defense and Finance and Accounting Service on the subject establishes that while documents such as a lease and receipt for rent paid may serve as part of any package necessary to claim reimbursement for rent, additional separate documents, including orders, that establish a reimbursable status, and travel voucher, are essential before a soldier can expect the United States to reimburse for rent paid.

*Id.*

The facts of appellant's case are readily distinguishable from those in *Jones-Marshall*.  Most significantly, appellant pleaded guilty to forging documents which, if genuine, would operate to the legal harm of the United States and admitted the forged documents had legal effect.  *See United States v. James*, 42 M.J. 270 (C.A.A.F. 2005) (finding the record in a guilty-plea case more than sufficient to establish the legal efficacy of a forged document where the appellant generally admitted the document had legal efficacy).  Throughout his providence inquiry and the stipulation of fact, appellant repeatedly acknowledged the legal efficacy of the documents at issue and that his creation and presentation of the letters created a legal liability on the government.  *See id.*  Unlike the fraudulent leases and receipts in *Jones-Marshall*, there was no assertion in this case that other documents, apart from the forged ones, were required to perfect appellant's claim to the entitlement.  To the contrary, appellant understood and admitted the presentation of the forged custody letters was more than a preparatory step and, in fact, perfected his claim.

Finally, we find the providence inquiry was in complete accord with our superior court's decisions in *Thomas,* 25 M.J. 396, *United States v. Addye*, 7 U.S.C.M.A. 643, 23 C.M.R. 107 (1957), and *United States v. Strand*, 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955), in that these documents did much more than merely

convey information; they were proof of legally operable facts which, if true, mandated non-discretionary consequences.

## CONCLUSION

On consideration of the entire record and submissions of the parties, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court