# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, POND,[1] and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JORGE L. ESPINAL**
**United States Army, Appellant**

ARMY 20220152

Headquarters, Seventh Army Training Command
Thomas P. Hynes, Military Judge
Lieutenant Colonel Jeremy W. Steward, Staff Judge Advocate

For Appellant: Captain Robert W. Duffie, JA (argued); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Jonathan F. Potter, Esquire (on brief).

For Appellee: Captain Dominique L. Dove, JA (argued); Colonel Christopher B. Burgess, JA; Colonel Jacqueline J. DeGaine, JA; Lieutenant Colonel Kalin P. Schlueter, JA; Captain Dominique L. Dove, JA (on brief).

22 July 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

In this case, appellant argues the evidence was legally and factually insufficient to support his conviction for forgery. We find beyond a reasonable doubt appellant altered his leave and earning statements (LESs), but his act did not constitute the crime of forgery. We will dismiss his conviction for this offense and reassess his sentence.

---

[1] Judge POND took action on this case prior to her designation as Chief Judge by The Judge Advocate General.

## BACKGROUND

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of forgery, one specification of false official statement, and one specification of larceny, in violation of Articles 105, 107, and 121 Uniform Code of Military Justice, 10 U.S.C. §§ 905, 907, and 921 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and 120 days of confinement.[2] The convening authority took no action on the findings or sentence.

Beginning in November of 2019, while stationed in Vilseck, Germany, appellant entered into a relationship with a German woman, █ and the two had a son before their relationship ultimately ended. Then, █ as the custodial parent, sued appellant for child support in a German court. In determining child support, the German court requested appellant's income and debts. After receiving the required information, the German court referred to a payment schedule (the Düsseldorfer Tabelle) to calculate child support where "100% [of the tabelle] . . . is the lowest amount of child support" and "the highest [amount] is ... 180%."

Appellant submitted his income information, via his monthly LESs, to the German court. Neither appellant nor his attorney certified by affidavit to the German court that appellant's LESs were accurate. Using the Düsseldorfer Tabelle in relation to appellant's LESs, the German court awarded █ with only a 100% child support – the statutory minimum amount of child support in Germany.

█ however, noticed appellant's submitted LESs appeared to contain missing or inaccurate information, including appellant's basic allowance for housing (BAH), creating the appearance that appellant was being paid less than his actual total income. Suspecting his LESs may have been altered, █ reported the altered LESs to the Army Criminal Investigation Division (CID) office. During appellant's trial, a Finance Support Center (FISC) team chief further testified all LESs have a separation space between the deductions and allotments columns which had also been altered.

█ obtained appellant's unaltered LESs and submitted those to the German court. These newly submitted unaltered LESs resulted in SH receiving an increased child support calculation in the amount of 160%.

---

[2] The military judge sentenced appellant to 120 days of confinement for forgery, 60 days of confinement for larceny, and 30 days of confinement for false official statement. All periods of confinement were to be served concurrently.

## LAW AND DISCUSSION

"We review the legal sufficiency of convictions de novo." *United States v. Harrington*, 83 M.J. 408, 414 (C.A.A.F. 2023) (citing *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019)). "A conviction is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (cleaned up). In conducting this review, this court must "draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Plant*, 74 M.J. 297, 301 (C.A.A.F. 2015) (quoting *United States v. Bright*, 66 M.J. 359, 365 (C.A.A.F. 2008)).

Here, even viewing the evidence in the light most favorable to the government and drawing every reasonable inference in favor of the government, we find a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt.[3]

"There are two separate and distinct forgery offenses under Article 105, UCMJ: (1) forgery by "making or altering," and (2) forgery by "uttering." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (quoting *United States v. Albrecht*, 43 M.J. 65, 68 (C.A.A.F. 1995)). "[T]he statute does not set out *alternative* ways to commit forgery, in the sense of having to choose; rather, it specifies two conceptually distinct and *different* ways to commit forgery so that, in a given factual context one or the other or both might be violated."[4] *Albrecht,* 43 M.J. at 68 (emphasis in original).

Appellant was charged with a forgery by making or altering. The government must prove the following elements:

> (a) That the accused falsely made or altered a certain signature or writing;
>
> (b) That the signature or writing was of a nature which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice; and

---

[3] Because we rule in favor of appellant based on legal sufficiency, we do not address his factual sufficiency claim.

[4] While both *Albrecht* and *Weeks* dealt with a version of the offense of forgery codified under a different article of the UCMJ, the statutory language of the offense remains identical between the two articles.

(c) That the false making or altering was with the intent to defraud.

*See* Manual for Courts-Martial, United States (2019 ed.) [MCM] pt. IV, ¶ 37.b.

Our analysis turns to the second element regarding legal efficacy, meaning the altered document must "appear either on its face or from extrinsic facts to impose a legal liability on another, or to change a legal liability on another, or to change a legal right or liability to the prejudice of another." *United States v. Hopwood*, 30 M.J. 146, 147 (C.M.A. 1990). The government argues ▮ had a legal obligation to provide for her child, appellant's alteration of his LESs resulted in her receiving a lower amount of child support, and his criminal act operated to ▮'s legal harm. In support of this argument, the government cites *United States v. Jones-Marshall*, 71 M.J. 534, 535 (Army Ct. Crim. App. 2012), contending that LESs, standing alone, were a pivotal, and not just a preliminary step, towards the perfection of a legal right. The government, however, cannot establish appellant's alteration of his LESs, in and of themselves, dictated a legal liability or harm. Even if appellant's LESs were a critical step in the calculation to award child support, the German court considered other factors in awarding support.

We liken appellant's alteration of his LESs to the facts in *Hopwood*, where the accused signed the name of his brother and sister-in-law onto a credit application to buy an automobile. *Hopwood*, 30 M.J. at 147-48. Our superior court found the credit application was "probably" a necessary step towards purchasing an automobile ,but the application did not rise to legal efficacy because "the application itself, if genuine, would not create any legal right or liability." *Id.* at 148. The LESs did not create a legal liability such that appellant's alteration of the documents constituted the crime of forgery. Appellant's conviction for forgery is legally insufficient in this situation.

## CONCLUSION

The finding of guilty for Specification 2 of Charge I and Charge I is DISMISSED. The remaining findings of guilty are AFFIRMED. The sentence to 120 days confinement for Specification 2 of Charge I is SET ASIDE. The remainder of the sentence is AFFIRMED.[5]

---

[5] Having considered the entire record, including appellant's receipt of segmented sentences to confinement for each specification of which he was convicted, we are able to reassess the sentence in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-308 (C.M.A. 1986) and United States v. Winckelmann, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Our

(continued . . .)

Judge POND and Judge PARKER concur.

FOR THE COURT:

J  MES    . HERRING, JR.
Clerk of Court

---

( . . .continued)
reassessment is aided by the segmented sentence to 120 days of confinement for the dismissed specification.  Reassessing the remainder of the sentence in light of the imposition of thirty and sixty days of confinement, running concurrently, for the remaining offenses, we are confident the military judge would have imposed a bad-conduct discharge even absent the dismissed specification.