# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist CHAD C. ADAMS**
**United States Army, Appellant**

ARMY 20140377

Headquarters, 7th Infantry Division
Jeffery D. Lippert, Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Yolanda McCray-Jones, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.


26 January 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of desertion in violation of Article 85, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 885 (2006).  The military judge sentenced appellant to a bad-conduct discharge, confinement for 140 days, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 71 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant submitted the case upon its merits.  And some merit it does possess.

## Procedural Background

Appellant was charged with two specifications of desertion, one terminated by apprehension.  Each specification alleged appellant's unauthorized absence with an intent to remain away permanently.  The first period of absence that was terminated

by apprehension ran just under 3 months. The second period of absence was just over 3 years.

Appellant pled not guilty to the charged desertions, but guilty to the lesser offense of absence without leave (AWOL) necessarily included in each. Prior to conducting the providence inquiry, the judge advised appellant that:

> Your plea of guilty to a lesser-included offense also may establish certain elements of the charged offense, if the government decides to proceed on the charged offense. . . . [Y]ou're pleading guilty to a violation of Article 86. Some of the elements of Article 86 are the same as those of Article 85, so the government will be able to use those admissions regarding the elements *that are common* to both of those charges in order to go forward on the greater offense of desertion.

(emphasis added).

Appellant's plea to AWOL established all of the elements of the greater offense of desertion except the requisite intent to remain away permanently. There was neither a pretrial agreement nor a stipulation of fact in this case and no other exhibit was introduced by the government or defense in relation to appellant's plea itself.

Appellant's pleas to AWOL were provident. Upon acceptance of those pleas, the following exchange ensued:

> MJ: Government, do you intend to go forward on the greater charged offense in Specification 2 of Article 85, desertion?
>
> TC: I do, Your Honor.
>
> MJ: Very well. Do you want to take a recess before we begin the findings portion of the trial or do you want to continue moving right now?
>
> TC: No, Your Honor. We can move forward.
>
> MJ: Do you have an opening statement?
>
> TC: No, Your Honor.

2

>MJ: Defense, do you have an opening or do you wish to reserve?
>
>DC: Yes, Your Honor. Reserve, Your Honor.
>
>MJ: Trial Counsel, please call your first witness.
>
>TC: The government rests, Your Honor.
>
>MJ: Defense, do you wish to make an opening?
>
>DC: No, Your Honor.
>
>MJ: Do you have any witnesses, Defense?
>
>DC: Yes, Your Honor. Specialist Chad Adams, Your Honor.
>
>MJ: And he will he [sic] be testifying under oath?
>
>DC: Yes, Your Honor.
>
>TC: Is he still under oath, sir?
>
>MJ: Yes.

Appellant was then called as a witness in his own defense, reminded of his previous oath, and then testified to the effect that he never entertained the intent to remain away permanently.

Defense counsel conducted direct examination with reference to appellant's providence inquiry and elicited testimony relevant to the contested element in each of the charged specifications. The military judge interjected with a couple of questions to appellant during defense counsel's direct examination, trial counsel conducted cross-examination, and defense counsel then completed a brief redirect examination.

Appellant repeatedly denied that he ever possessed any intent to remain away from the Army permanently and offered explanations for the duration of each of his absences in line with his explanations during the providence inquiry.[1]

Upon completion of appellant's testimony, the defense rested. The government offered no rebuttal evidence and the parties proceeded to argue. After hearing closing arguments, the judge deliberated for approximately 12 minutes and announced his findings: "Of The Charge and its Specifications: Guilty."

The defense never made a motion for a finding of not guilty pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 917, the judge never mentioned the possibility, and the government never introduced any evidence on the question of appellant's guilt.

### Rule for Courts-Martial 917 (Motion for a Finding of Not Guilty)

R.C.M. 917(a) provides:

> The military judge, on motion by the accused **or *sua sponte*, shall** enter a finding of not guilty of one or more offenses charged after the evidence on either side is closed and before findings on the general issue of guilt are announced if the evidence is insufficient to sustain a conviction of the offense affected.

(emphasis added).

If ever there were a case for the judge to *sua sponte* address the propriety of a finding of not guilty under R.C.M. 917, this is it. To begin with, it is important to recognize that while an accused's plea to a lesser-included offense may establish the elements it shares with a greater contested offense, the accused's providence inquiry to that lesser-included offense, as the judge properly advised, cannot be used to prove any additional element required to establish the greater offense charged. *United States v. Resch*, 65 M.J. 233, 237-38 (C.A.A.F. 2007); *United States v. Caszatt*, 11 U.S.C.M.A. 705, 706-07, 29 C.M.R. 521, 522-23 (1960); *United States v. Ramelb*, 44 M.J. 625, 629-30 (Army Ct. Crim. App. 1996). Therefore, where the government immediately rested without introducing any evidence, there could be no more plain or obvious a scenario where a motion for a finding of not guilty should have been made. *See generally United States v. Rushatz*, 30 M.J. 525, 530

---

[1] Appellant claimed that his absence was motivated by a desire to keep his marriage together and help his wife overcome depression.

4

(A.C.M.R. 1990). *See also United States v. Treat*, 73 M.J. 331, 340-41 (C.A.A.F. 2014) (Ryan, J., dissenting) ("[T]he military judge had an independent duty to dismiss the charge, including giving the parties an opportunity to be heard, and the military judge failed to fulfill that duty.").[2] Instead, the judge invited defense counsel to call witnesses, and the defense counsel then called appellant to testify in his own defense.[3]

### The Limits of *United States v. Pleasant,* 71 M.J. 709, 712-14 (Army Ct. Crim. App. 2012)

Of course, an accused testifies at his own peril and his denials under oath may be rejected by the finder of fact and used against him when resolving his guilt. *United States v. Pleasant*, 71 M.J. 709, 712-14 (Army Ct. Crim. App. 2012), *pet. denied*, 72 M.J. 385 (C.A.A.F. 2013). However, an accused cannot be convicted on his testimony alone. *United States v. Urban*, 404 F.3d 754, 782 (3d Cir. 2005) (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)) (citing *United States v. Reed*, 297 F.3d 787, 789 (8th Cir. 2002); *United States v. Aulicino*, 44 F.3d 1102, 1114-15 (2d Cir. 1995)); *United States v. Cisneros*, 448 F.2d 298, 305-06 (9th Cir. 1971).

Imposition of the burden to prove an accused's guilt upon the government is as fundamental to our system of justice as any guarantee of fairness. *In re Winship*, 397 U.S. 358, 361-64 (1970); *United States v. Czekala*, 42 M.J. 168, 170 (C.A.A.F. 1995); UCMJ art. 51(c)(4); R.C.M. 920(e)(5)(D). Absent a knowing, intelligent, and voluntary plea of guilty to a charged offense, nothing relieves the government of this obligation. At a minimum, where an accused's testimony is used as evidence that he committed a charged offense, the government must introduce some evidence corroborative of the alleged offense before the fact finder is permitted to consider whether, in light of all the evidence, the government has proven an accused's guilt

---

[2] Though the motion would necessarily trigger an opportunity for the government to address and, if permitted by the judge, rectify its approach, it is worthy of note that there is nothing in this record to indicate trial counsel was prepared to prove appellant's guilt of desertion by introducing evidence of any sort on the contested issue of appellant's intent. *See* R.C.M. 917(c); R.C.M. 917(c) discussion; R.C.M. 913(c)(5).

[3] In light of our disposition of this case, we need not further address the specter of ineffective assistance of counsel where defense counsel fails to move for a finding of not guilty, and then calls his client as a witness to provide testimony that can, and was, used to convict him though the government had done nothing to prove his guilt to the contested offense.

beyond a reasonable doubt. *See United States v. Williams*, 390 F.3d 1319, 1325-26 (11th Cir. 2004); *United States v. McCarrick*, 294 F.3d 1286, 1293 (11th Cir. 2002); *United States v. Burgos*, 94 F.3d 849, 868 (4th Cir. 1996) ("Thus, Burgos's lying on the stand *may have aided* in establishing the fact that he was guilty.") (emphasis added); *Pleasant*, 71 M.J. at 713; *see also United States v. Zafiro*, 945 F.2d 881, 888 (7th Cir. 1991) (presuming that in cases such as ours, where the government offers no evidence of guilt, the judge would enter a finding of not guilty prior to any possible testimony from the accused while affirming that, if an accused testifies, that testimony might become "evidence of guilt *to add to the other evidence*.") (emphasis added).

Thus, despite appellant voluntarily providing evidence against himself, that evidence *alone* is legally insufficient to affirm the findings as to desertion and to overcome the judge's failure to properly enter a finding of not guilty under R.C.M. 917. *See United States v. Zeigler*, 994 F.2d 845, 848-50 (D.C. Cir. 1993); *United States v. Foster*, 783 F.2d 1082 (D.C. Cir. 1986); *United States v. Contreras*, 667 F.2d 976, 980 (11th Cir. 1982); *United States v. Bland*, 653 F.2d 989, 995 (5th Cir. 1981); *United States v. Frazier*, 34 M.J. 194, 195 n.2 (C.M.A. 1992); R.C.M. 917(g) (permitting affirmance where an accused's testimony makes the evidence sufficient despite the fact that a motion for not guilty should have been granted after the government introduced all of its evidence and rested its case).

The requirement to put the government to its burden on a contested element is no empty ritual in circumstances such as in this case or in any case. Beyond the simple promise that a soldier's liberty will not be deprived absent government proof that he committed a crime beyond a reasonable doubt is the accused's right to have that conviction reviewed for sufficiency of evidence. Courts less sanguine about the use of an accused's testimony as positive evidence of guilt recognize that to permit conviction based on judgments of an accused's credibility alone would essentially strip the appellate courts of the ability to effectively review the sufficiency of the evidence against an appellant. *See Zeigler*, 994 F.2d at 848-50.

Reviewing courts are at a disadvantage when judging such credibility as those judgments are largely and necessarily based on observation of live testimony. *Id.*; UCMJ art. 66(c) ("In considering the record, [a service court of criminal appeals] may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, *recognizing that the trial court saw and heard the witnesses*.") (emphasis added). The necessity for the government to produce evidence to prove the alleged offense ensures minimum guarantees of reliability to criminal convictions obtained in our adversarial system of justice and preserves an accused's right to meaningful appellate review.

In relation to the crime of desertion, the government may prove the contested element of intent to remain away permanently by direct or circumstantial evidence,

*see United States v. Oliver*, 70 M.J. 64 (C.A.A.F. 2011), but what it may not do is secure conviction by resting on an accused's providence inquiry to the lesser offense. *Resch*, 65 M.J. 233. Though the judge apparently rejected appellant's denials at trial, assessed appellant's self-interested testimony as incredible, and used the same to find the opposite of appellant's denials true, it was a violation of the minimum guarantees of due process to convict appellant of the contested charge of desertion on the assessment of his credibility alone.

**CONCLUSION**

We affirm only so much of the findings of guilty of Specifications 1 and 2 of the Charge that extend to the lesser-included offenses of absence without leave in violation of Article 86, UCMJ, as follow:

> Specification 1: In that Specialist (E-4) Chad C. Adams, U.S. Army, did, at or near Joint Base Lewis-McChord, Washington, on or about 8 December 2010, without authority, absent himself from his unit, to wit: Headquarters and Headquarters Company, 2d Battalion, 23rd Infantry Regiment, located at Joint Base Lewis-McChord, Washington, and did so remain absent until he was apprehended on or about 27 February 2011.

> Specification 2: In that Specialist (E-4) Chad C. Adams, U.S. Army, did, at or near Pottsville, Pennsylvania, on or about 3 March 2011, without authority, absent himself from his unit, to wit: Headquarters and Headquarters Company, 2d Battalion, 23rd Infantry Regiment, located at Joint Base Lewis-McChord, Washington, and did so remain absent until 8 March 2014.

Though the maximum exposure to confinement drops from 5 years to 2 years and 6 months, reassessment is nevertheless proper in this case. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶¶ 9.e.(2)(a)-(b), 10.e.(2)(c)-(d); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). The aggravated nature of the successive periods of unauthorized absence in conjunction with the judge alone sentence and our experience and familiarity with AWOL offenses permit our reliable reassessment. *See Winckelmann*, 73 M.J. at 15-16.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. at 307-08 and *Winckelmann*, 73 M.J. at 15-16, we are confident the military judge would have adjudged the same sentence. We find this reassessed sentence is also appropriate under Article 66,

UCMJ. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court