# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant ANTHONY R. WETMORE**
United States Army, Appellant

ARMY 20190521

Headquarters, Fort Bragg
Christopher E. Martin, Military Judge
Colonel Jeffrey S. Thurnher, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Benjamin A. Accinelli, JA; Major Steven J. Dray, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Allison L. Rowley, JA; Major Jonathan S. Reiner, JA (on brief).

23 July 2020

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

Forgery is an offense with very precise elements for which only limited types of conduct qualify. Forgery requires that the false writing or signature at issue, if genuine, impose a legal liability on another, or change another's legal rights or liabilities to that person's prejudice, a very narrow and technical requirement. Before this court, appellant claims his guilty plea to forgery was improvident. Specifically, appellant asserts the underlying act, using an altered divorce decree to conceal a past false statement and theft from the government, did not satisfy the legal-efficacy requirement necessary for the offense of forgery. Under the unique facts of this case, we agree, and write to remind legal practitioners to be wary of the distinct differences between the offenses of forgery and false official statements.

## I. BACKGROUND

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of forgery, one specification of larceny of military property of a value of more than $500, and one specification of false official statement in violation of Articles 123, 121, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 923, 921, 907 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-4. This case is now before us pursuant to Article 66, UCMJ.

Appellant was a United States Army Reserve Soldier ordered to active duty in November 2016. On 28 November 2016, appellant completed a Department of the Army form for purposes of receiving housing allowance.[1] Appellant marked that he was married and listed his former spouse's name on the form when, in fact, he had been divorced since February 2012 and had not since remarried. In signing the form, appellant certified the accuracy of the information he provided. After submitting the form to the finance office, appellant wrongfully received housing allowance at the with-dependent rate from December 2016 thru September 2018.[2]

In October 2018, as appellant's chain of command was assisting him in preparing for his promotion board, they discovered that his personnel records indicated he was married despite his prior assertions to them that he was not. Inquiries concerning this discrepancy by appellant's chain of command left him scrambling to cover up the false information he provided on the housing allowance form several months earlier. In order to conceal the false assertion that he was married, appellant altered his original divorce decree signed in February 2012. Appellant altered the date of the document to reflect a date of 17 September 2018. He then presented the altered divorce decree to a personnel clerk so it would be uploaded into his official military records and change his dependency status to "without dependents." Appellant presented the altered document to conceal his wrongful receipt of housing allowance.

Appellant pleaded guilty to the offense of forgery for altering his official divorce decree. The government asserted, and appellant admitted during his providence inquiry, that he altered the date of the divorce decree to conceal his

---

[1] Dep't of Army Form 5960, Authorization to Start, Stop, or Change Basic Allowance for Quarters (BAQ), and/or Variable Housing Allowance (VHA).

[2] Service members with dependents receive a higher rate of housing allowance than those without dependents. 37 U.S.C. § 403(a)(1). As a matter of law, a spouse is a military dependent. 37 U.S.C. § 401(a)(1).

unlawful receipt of housing allowance at the with-dependent rate. Appellant explained that he knew the altered divorce decree would impose a legal liability on the United States Army by authorizing his receipt of housing allowance to which he was not otherwise entitled and allow him to keep the money he had been paid erroneously from November 2016 until September 2018.

## II. LAW AND DISCUSSION

### A. Standard of Review

When an appellant pleads guilty, any question as to his conviction "must be analyzed in terms of the providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). In the context of a guilty plea, our focus is on whether the plea was provident. *United States v. Cowan*, ARMY 20160031, 2017 CCA LEXIS 633, at *6 (Army Ct. Crim. App. 28 Sep. 2017). "A guilty plea is provident if the facts elicited make out each element of the charged offense." *United States v. Harrow*, 65 M.J. 190, 205 (C.A.A.F. 2007) (citations omitted).

Although the evidence is not fully developed in a guilty plea case, *see United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002), the military judge is still "charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-322 (C.A.A.F. 2008) (citations omitted). A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion, whereas questions of law arising from the plea are reviewed de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area where we afford significant deference." *Inabinette*, 66 M.J. at 322; *United States v. Care*, 18 C.M.A. 535, 541 (C.M.A. 1969).

In reviewing a military judge's decision to accept a guilty plea, "appellate courts apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea?" *Inabinette*, 66 M.J. at 322 (internal quotations and citations omitted). As our superior court has consistently held, a providence inquiry into a guilty plea must establish "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)); *see also United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994). Where an accused's plea inquiry fails to establish factual circumstances that support each element of an offense, there is a substantial basis in law and fact to question a guilty plea to the offense. *Jordan*, 57 M.J. at 240 (citing *Faircloth*, 45 M.J. at 174).

*B. The Offense of Forgery*

As this court and our superior court have both recognized, "Article 123 is a narrowly defined statute that is strictly interpreted." *United States v. Jones-Marshall*, 71 M.J. 534, 535 (Army Ct. Crim. App. 2012) (citing *United States v. Hopwood*, 30 M.J. 146, 147 (C.M.A. 1990)). Appellant's guilty plea to the offense of forgery required admission of the following elements:

> (1) that he falsely made or altered a certain signature or writing;
> (2) that the signature or writing was of a nature that would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that person's prejudice; and,
> (3) that the false altering was with the intent to defraud.

*Manual for Courts-Martial, United States* (2016 ed.) [*MCM*, 2016], pt. IV, ¶ 48.b.

"The written instrument used to accomplish the deception must have apparent efficacy to create, increase, diminish, discharge, transfer, or otherwise affect a legal right." *United States v. Thomas*, 25 M.J. 396, 402 (C.M.A. 1988). The intended or completed fraud by the "mere making of a false signature or other entry on a document is not, in itself, sufficient to constitute forgery; the apparent nature of the document is also critical." *Id.* at 398. The forged writing must have an apparent legal effect. *See United States v. Strand*, 20 C.M.R. 13, 19-20 (C.M.A. 1955) (holding that a letter the accused sent to his wife on behalf of a fictitious Marine judge advocate falsely indicating that the accused was deceased could not serve as the basis for a forgery because the letter conferred no rights against the government, upon the wife, or upon anyone else). In this case, the altered divorce decree did not possess legal efficacy as required for the offense of forgery.

Appellant asserts, and we agree, that the altered divorce decree did not impose a legal liability against the government nor did it change a legal right to the government's prejudice. We therefore find a substantial basis to question the military judge's acceptance of appellant's plea of guilty to the forgery charge. The theory of guilt upon which appellant's plea relied was that he altered the divorce decree in order to justify past payments of housing allowance at the with-dependent rate.[3] Appellant admitted that he altered the document because he "didn't want to get caught" and so "people would think he had just gotten divorced." In essence,

---

[3] We did not determine whether appellant would have been entitled to housing allowance at the without dependent rate as it is irrelevant to our analysis of whether he committed the offense of forgery.

appellant altered the document in order to conceal erroneous past payments of housing allowance.

We agree with appellant that his attempt to conceal his previous misdeed of falsely asserting he was married in order to receive a greater housing allowance did nothing to impose a new legal liability upon the government nor change a legal right to the government's prejudice. On its face, if genuine, the divorce decree could not prejudice the government in any legal way. Rather than impose a legal liability on the government, the altered divorce decree actually worked to the government's benefit by relieving the government of its burden to provide appellant the higher rate of with-dependent housing allowance as opposed to perfecting a claim to a financial entitlement.[4] *Compare United States v. Freeman*, 2013 CCA LEXIS 728, at *7 (Army Ct. Crim. App. 4 Sep. 2013) (mem.op.) (affirming appellant's guilty plea to a forgery offense because the forged custody letters possessed legal efficacy by perfecting appellant's claim for monetary entitlements from the government). Given that appellant altering the divorce decree did not create a monetary or other entitlement from the government and thereby impose a legal liability upon the government, we find a substantial basis to question appellant's guilty plea and find that it was improvident. Accordingly, we set aside appellant's conviction of The Specification of Charge I and Charge I.

*C. Sentence Reassessment*

In light of our determination that the military judge erred in accepting appellant's plea to The Specification of Charge I, we now turn to appellant's sentence. We are able to reassess the sentence and do so after consideration of the entire record and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

---

[4] "A member of a uniformed service with dependents is not entitled to a basic allowance for housing as a member with dependents unless the member makes a certification to the Secretary concerned indicating the status of each dependent of the member." 37 U.S.C. § 403(a)(2). Federal regulations dictate that the housing allowance at the with-dependent rate ceases upon issuance of a final decree of divorce of the sole dependent. Joint Travel Regulation, Housing Allowances, Ch. 10A, Table 10A-2 (1 Nov. 2016). In 2018, this section of the Joint Travel Regulation pertaining to housing allowance was codified in the Financial Management Regulation. Dep't of Def. Reg. 7000.14-R, Vol. 7A, Ch. 26, T26-5 (Dec. 2019).

There is no dramatic change in the penalty landscape by setting aside the forgery offense. While appellant's theoretical maximum sentence to confinement would be reduced from twenty years to fifteen years by setting aside the forgery offense, we recognize that the case was tried as a special court-martial authorized to impose a bad conduct discharge. *MCM*, pt. IV, ¶¶ 31.e, 46.e(1)(c), 48.e. Accordingly, the jurisdictional limit was a bad-conduct discharge, confinement for twelve months, forfeiture of two-thirds pay per month for twelve months, and reduction to E-1. We also recognize this case was tried by a military judge alone. *United States v. Adams*, 74 M.J. 589, 593 (Army Ct. Crim. App. 2015) (finding reassessment appropriate, in part, because a judge alone sentenced appellant). Most importantly, we find that the remaining charges of false official statement and larceny of more than $500 of military property capture the gravamen of appellant's criminal conduct of an almost two-year-long fraud for the purpose of receiving housing allowance at the with-dependent rate. The underlying facts of appellant's misconduct that serve as the basis for determining an appropriate sentence remain the same irrespective of the forgery offense.

Based on our experience as judges on this court, we are familiar with the remaining offenses of false official statement and larceny of military property over $500 such that we may reliably determine what sentence would have been imposed at trial. Having conducted this reassessment, we AFFIRM appellant's sentence of a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-4.

## CONCLUSION

The findings of guilty of Charge I and its specification are SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED. The adjudged sentence is reassessed and AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court