# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, ARGUELLES,[1] and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JARED D. CRAIN**
**United States Army, Appellant**

ARMY 20190265

Headquarters, 1st Theater Sustainment Command
John M. Bergen, Military Judge
Lieutenant Colonel Tony Y. Kim, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Captain Brianna C. Tuohy, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Christopher T. Leighton, JA; Captain R. Tristan C. De Vega, JA (on brief).

8 October 2020

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

Appellant pleaded guilty to misuse of a fuel card as a violation of a lawful general regulation. He now asserts the military judge abused his discretion in accepting his plea because the regulation to which he pleaded guilty of violating was not the regulation applicable to his misconduct. We agree and provide relief in our decretal paragraph.

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ].

---

[1] Judge Arguelles decided this case while on active duty.

## I. BACKGROUND

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted escape from confinement, one specification of violation of a lawful general regulation, one specification of wrongful destruction of government property, one specification of willfully suffering military property to be wrongfully disposed, three specifications of wrongful use of a controlled substance, two specifications of larceny, and one specification of wrongful appropriation, in violation of Articles 80, 92, 108, 112a, and 121, UCMJ (2016). The military judge sentenced appellant to a bad-conduct discharge and confinement for thirty months. Appellant received 139 days of confinement credit for pre-trial confinement. The convening authority took no action on the findings or sentence.[2]

In 2018, appellant struggled with drug abuse and turned to stealing items from the unit as well as shoplifting so he could pawn the items for cash in order to purchase drugs.[3] Appellant received non-judicial punishment for misconduct related to his drug abuse and thereafter his command initiated administrative separation proceedings.[4] Due to his financial struggles, appellant's chain of command authorized his use of a government-owned vehicle and a Government Services Administration fuel card (fuel card) in order to facilitate the required travel from Shaw Air Force Base, South Carolina, appellant's duty station, to Fort Jackson, South Carolina, where he was required to go in order to attend separation appointments.[5] Appellant was authorized to use the fuel card only for purchasing fuel for the assigned government vehicle.

---

[2] For the reasons articulated in *United States v. Coffman*, 79 M.J. 820 (Army Ct. Crim. App. 2020), we find the convening authority erred by failing to take action on appellant's sentence because appellant was convicted based on misconduct that occurred both prior to and after 1 January 2019. We have considered this as part of our review of appellant's case and, while we find the convening authority erred, we determine the error was neither jurisdictional nor prejudicial.

[3] Appellant was diagnosed with opioid dependence, cannabis dependence, and alcoholism.

[4] Appellant received non-judicial punishment for failure to go to his appointed place of duty, misuse of his government travel card, false official statement, wrongful selling of military property, wrongful use of marijuana, and shoplifting. *See* UCMJ art 15.

[5] Shaw Air Force Base is approximately thirty-five miles from Fort Jackson.

On 5 October 2018, appellant wrecked the government vehicle during an unauthorized trip unrelated to his separation appointments. Appellant realized that there were several items at his ex-wife's home in North Carolina that he needed to turn in before his separation from the Army. Since appellant could not afford to drive his personal vehicle to North Carolina, he chose to use the government vehicle to make the trip. While traveling on a dark road late at night, appellant swerved to avoid hitting a deer in the road and hit an embankment, totaling the vehicle. Appellant removed the government license plates from the vehicle and left it with a towing company. Appellant failed to inform his chain of command about the accident or location of the vehicle.

Without the use of the government vehicle or the financial means to get to his separation appointments, appellant turned to using the fuel card to obtain fuel for his personal vehicle for travel to Fort Jackson. Appellant used the fuel card for his personal vehicle on four separate occasions. Based on this usage, the government charged appellant with violating "Joint Travel Regulation Number 7000.14R Volume 10 dated 2017" in violation of Article 92, UCMJ, for wrongful use of the fuel card (the Specification of Charge I).

Appellant pleaded guilty to the offense of violating a lawful general regulation for misusing the fuel card for his personal vehicle. The military judge accepted appellant's plea and concluded the providence inquiry on this offense without requiring the government, or appellant, to specify which section or paragraph of the charged regulation appellant violated. During appellant's providence inquiry into another offense, the government realized the title to the cited regulation in the Specification of Charge I was incorrect. The government moved to amend the charge sheet so that the charge relating to the misuse of the fuel card accurately stated appellant violated the "Financial Management Regulation" and not the "Joint Travel Regulation."[6] Since neither the specification nor the stipulation of fact alleged the specific chapter of the regulation appellant violated, at that point the military judge required the government to have the excerpt of the regulation marked as an appellate exhibit. The government submitted chapter 23 of volume 10 of the regulation pertaining to the purchase card program. After a required amendment to the stipulation of fact on this issue, to which appellant agreed, the military judge reopened the providence inquiry into the Specification of Charge I. The military judge repeated the elements of the offense and affirmed with appellant that Department of Defense Financial Management Regulation 7000.14R [DoD FMR 7000.14R] was the regulation he violated through his misuse of the fuel card.

---

[6] The actual title of regulation is "Department of Defense Financial Management Regulation 7000.14R," [DoD FMR 7000.14R].

## II. LAW AND DISCUSSION

### *A. Standard of Review*

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion, whereas questions of law arising from the plea are reviewed de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)); *United States v. Care*, 18 C.M.A. 535, 541 (C.M.A. 1969).

When an appellant pleads guilty, any question as to his conviction "must be analyzed in terms of providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). In the context of a guilty plea, our focus is on whether the plea was provident. *United States v. Cowan*, ARMY 20160031, 2017 CCA LEXIS 633, at *6 (Army Ct. Crim. App. 28 Sep. 2017) (mem. op.). "A guilty plea is provident if the facts elicited make out each element of the charged offense." *United States v. Harrow*, 65 M.J. 190, 205 (C.A.A.F. 2007) (citations omitted). Although the evidence is not fully developed in a guilty plea case, *see United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002), the military judge is still "charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *Inabinette*, 66 M.J. at 321–22 (citation omitted).

In reviewing a military judge's decision to accept a guilty plea, "appellate courts apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* at 322 (internal quotations and citation omitted). As our superior court has consistently held, a providence inquiry into a guilty plea must establish "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *Jordan*, 57 M.J. at 244 (Sullivan, S.J., dissenting) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)); *see United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994). Where an accused's plea inquiry fails to establish factual circumstances that support each element of an offense, there is a substantial basis in law and fact to question a guilty plea to the offense. *Jordan*, 57 M.J. at 240 (citing *Faircloth*, 45 M.J. at 174).

### B. Appellant's Actions Did Not Violate the Charged Regulation

Appellant asserts, and we agree, that the regulation to which he pleaded guilty to violating is not a regulation applicable to his misuse of a fuel card. The government charged appellant with the wrong regulation in this case. We, therefore, find a substantial basis to question the military judge's acceptance of appellant's plea of guilty to the Specification of Charge I.

An adequate factual basis for violating a lawful general regulation requires the government to allege, and the military judge to discuss with an accused, the specific regulation violated. The elements of a violation of Article 92, UCMJ, are: (1) "[t]hat there was in effect a certain lawful general . . . regulation;" (2) "[t]hat the accused had a duty to obey it;" and (3) "[t]hat the accused violated or failed to obey the . . . regulation." *Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 16.b.(1). In charging a violation of a lawful general regulation, a specification "must clearly identify the specific order or regulation allegedly violated. The general order or regulation should be cited by its identifying title or number, section or paragraph, and date." Rule for Courts-Martial 307(c)(3) discussion. Appellant pleaded guilty to violating DoD FMR 7000.14R, volume 10, chapter 23, "Purchase Card Payments," dated April 2017. This section of the regulation is only applicable to purchase cards and not fuel cards. Not only is there no mention of fuel cards in that entire chapter of the regulation, there is no mention of misuse of a fuel card being a violation of a lawful general regulation anywhere in the entire DoD FMR 7000.14R.

The military judge abused his discretion in accepting appellant's plea to violating a lawful general regulation because he did not have an adequate factual basis to support the plea as charged. In this case, appellant pleaded guilty to violating a regulation applicable to misuse of purchase cards and not fuel cards. While both are government charge cards, each card is governed by different regulations. *Compare* 41 C.F.R. § 102-34.320(a) (2020) (noting "fleet charge card[s]" are "specifically issued" for the purpose of purchasing fuel) *with* 48 C.F.R. § 213.301 (2020) (discussing the use of government purchase cards). Furthermore, as appellant correctly points out, government purchase, travel, and fuel cards are separate and distinct charge cards addressed in a Department of Defense Guidebook. *See* DoD Government Charge Card Guidebook for Establishing and Managing Purchase, Travel, and Fuel Card Programs (1 October 2017) (revised 3 June 2020), *available at https://www.acq.osd.mil/dpap/pdi/pc/docs/DoD_Govt_Charge_Card_ Guide_06_03-20.pdf* (cited in 48 C.F.R. § 213.301(4)).

Although the military judge correctly recognized that the charge sheet needed to "quote the actual provision" of the lawful order being violated, he failed to hold the government to that standard. Unfortunately, the military judge failed to recognize that even as amended, the regulation at issue pertained to purchase cards

and not fuel cards.  As such, the complexity of the various government purchase cards and governing policies and regulations resulted in an oversight by all parties involved.

Given that appellant pleaded guilty to violating a regulation that is not applicable to the misuse of a fuel card, we find a substantial basis to question appellant's guilty plea and find that it was improvident.  As such, we set aside and dismiss the Specification of Charge I.

*C. Sentence Reassessment*

In light of our determination that the military judge erred in accepting appellant's plea to the Specification of Charge I, we now address whether we are able to reassess appellant's sentence.  Having considered the entire record, we conclude we are able to reassess the sentence and do so in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013).

There is no dramatic change in the penalty landscape by setting aside appellant's conviction for violating a lawful general regulation.  Appellant's maximum sentence to confinement would be reduced only slightly from thirty-six years and six months to thirty-four years and six months by setting aside appellant's conviction for the Specification of Charge I.  We also recognize this case was tried by a military judge alone, which favors reassessment by this court.  *United States v. Adams*, 74 M.J. 589, 593 (Army Ct. Crim. App. 2015) (finding reassessment appropriate, in part, because a judge alone sentenced appellant).  Most importantly, we find that the remaining charges of one specification of wrongful destruction of government property, one specification of willfully suffering military property to be wrongfully disposed, three specifications of wrongful use of a controlled substance, two specifications of larceny, and one specification of wrongful appropriation capture the gravamen of appellant's criminal conduct.

Based on our experience as judges on this court, we are familiar with the offense of violation of a lawful general regulation such that we may reliably determine what sentence would have been imposed had appellant's plea not included this offense.  Having conducted this reassessment, we affirm only so much of appellant's sentence as provides for a bad-conduct discharge and confinement for twenty-nine months.

## CONCLUSION

The findings of guilty of Charge I and its Specification are SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED.[7] We AFFIRM only so much of the sentence as provides for a bad-conduct discharge and confinement for twenty-nine months.[8] All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored.

Chief Judge KRIMBILL and Judge ARGUELLES concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[7] In block 31, the Statement of Trial Results incorrectly states "No," to the question of whether appellant was convicted of a crime punishable by imprisonment for a term exceeding one year. Because appellant was indeed convicted at a general court-martial of multiple crimes carrying a punitive exposure of confinement in excess of one year, block 31 should state "Yes." *See* 18 U.S.C. § 922(g)(1).

[8] Appellant will be credited with 139 days of confinement credit.